*Carmon & Carmon, A Partnership*
*v.*
*Dennis Campbell*
**Case No. 1:06CV769 (CKK)**

# EXHIBIT A

Answer and Counterclaim by Carmon & Carmon Law Office and Globalaw, Inc., Case No. 03CV950 (CKK) (AK)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBALAW LIMITED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARMON & CARMON LAW OFFICE, )<br>GLOBALAW, INC., AND )<br>GLOBALAW, EXCLUSIVELY FOREIGN )<br>    AND INTERNATIONAL LAW, )<br>)<br>Defendants and Counterclaim-Plaintiffs )<br>)<br>v. )<br>)<br>GLOBALAW LIMITED, )<br>)<br>BALLARD SPAHR ANDREWS & INGERSOLL )<br>Suite 1000 South )<br>601 13th Street, N.W. )<br>Washington, DC  20005-3807 )<br>Serve: Constantinos Panagopoulos, )<br>)<br>JACKSON WALKER, L.L.P. )<br>901 Main Street )<br>Suite 6000 )<br>Dallas TX 75202-3797 )<br>Serve: Bryan C. Birkeland, Esq., )<br>)<br>GARVEY SCHUBERT BARER )<br>5th Floor )<br>Flour Mill Building )<br>1000 Potomac Street N.W. )<br>Washington, D.C. 20007-3501 )<br>Serve: Gregg Rodgers, Esq., )<br>)<br>HILL FARRER & BURRILL, L.L.P. )<br>37th Floor )<br>One California Plaza )<br>300 South Grand Avenue )<br>Los Angeles CA 90071-3147 )<br>Serve: Arthur B. Cook, Esq., ) | Case No. 03-950 (CKK) |

| | |
|---|---|
| STUBENBERG & DURRETT, L.L.P.<br>Pauahi Tower<br>Suite 808<br>1001 Bishop Street<br>Honolulu HI 96813<br>Serve: James A. Stubenberg, Esq., | )<br>)<br>)<br>)<br>)<br>)<br>) |
| DAY, BERRY & HOWARD, L.L.P.<br>260 Franklin Street<br>Boston MA 02110<br>Serve: Sabino Rodriguez III, Esq., | )<br>)<br>)<br>) |
| CLARK HILL, P.L.C.<br>Suite 3500<br>Comerica Tower<br>500 Woodward Avenue<br>Detroit MI 48226-3435<br>Serve: D. Kerry Crenshaw, Esq., | )<br>)<br>)<br>)<br>)<br>) |
| MOORE & VAN ALLEN, P.L.L.C.<br>100 North Tryon Street<br>Suite 4700<br>Charlotte NC 28202<br>Serve: Michael E. Zeller, Esq., | )<br>)<br>)<br>)<br>) |
| ABC LAW FIRM, | ) |
| DENNIS CAMPBELL, ESQ.<br>Schweigmuhlweg 6A<br>5020 Salzburg, Austria, | )<br>)<br>) |
| JOHN DOE, | ) |
| JANE ROE, | ) |
| Counterclaim Defendants. | ) |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

**Answer:** Now come the defendants, by counsel, and answer the complaint against them in this action as follows:

1. Defendants are without sufficient knowledge to admit or deny the allegations of

2

Paragraph 1, and, accordingly, deny them.

2.   As to the allegations of paragraph 2, defendants admit that Carmon & Carmon is a law partnership of Haggai and Rakeffet Carmon having offices and practicing law at 767 Third Avenue, 24th Floor, New York NY 10017.

3.   The allegations of paragraph 3 are admitted.

4.   As to the allegations of paragraph 4, defendants admit that Globalaw is a law firm whose founding partners were Haggai and Rakeffet Carmon, which practices law in the United States and internationally, but denies the remaining allegations.

5.   The allegations of paragraph 5 are admitted.

6.   Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 6, and, accordingly, deny them, except defendants admit that Dennis Campbell is an attorney licensed in the United States.

7.   Defendants admit that Campbell applied for United States service mark registration for the Globalaw Service Mark on November 30, 1994, for use in connection with "providing services on an international basis," but deny the remaining allegations of paragraph 7.

8.   Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 8, and, accordingly, deny them.

9.   Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 9, and, accordingly, deny them.

10.   Defendants deny that Haggai and Rakeffet Carmon reside in New York City, deny that the business of Globalaw, Inc., is limited to conducting worldwide investigations of non-legal matters, and deny that the name of the Globalaw law firm is "Globalaw, Exclusively International and Foreign Law." Globalaw, Inc., was a service company, no longer active, that

was a successor in interest to Globalaw, P.C., a New York corporation incorporated in 1988, both of which were licensees of Carmon & Carmon to use the Mark, "Globalaw." The law firm Globalaw--the correct name of the entity--is a law firm that practices law in the United States and internationally. These three entities will be referred to hereafter as "Carmon & Carmon."

11.     Defendants deny the allegations of paragraph 11, as phrased. The Globalaw network created by Carmon & Carmon has many members in dozens of countries, including the United States, providing service in United States interstate commerce and foreign commerce with the United States, as well as in international commerce. Carmon & Carmon oppose registration of the Mark by Plaintiff or anyone else and seeks registration in their own names, since they own the Mark and all rights to it in the United States based on first use of the Mark prior to 1988, which has continued in the United States since that date.

12.     The allegations of paragraph 12 are admitted, except that its basis for the position is not limited to providing legal services on an international basis and associated service for only international law firms.

13.     The allegations of paragraph 13 are denied.

14.     Defendants deny that "[Carmon & Carmon's] ('C&C's') claims are wholly without merit." Otherwise, the allegations of paragraph 14 are admitted.

15.     Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 15, and, accordingly, deny them.

16.     Defendants admit that plaintiff filed a declaratory judgment action and deny the remaining allegations of paragraph 16.

17.     See answers to paragraphs 1-16, above.

18.     Defendants admit the allegations of paragraph 18 alleging that there was a controversy,

states that plaintiff is not entitled to registration, and incorporates the defendants' answers to paragraphs 1-16 by reference.

19. Defendants admit that plaintiff seeks a declaration that it is the owner of the Mark, "Globalaw" but states that plaintiff is not entitled to registration or declaration of ownership of the Mark, and incorporates the defendants' answers to paragraphs 1-16 by reference

20. Defendants admit that plaintiff seeks a declaration that its use and its licensees' use in the United States of the Globalaw Mark does not constitute infringement of defendants' rights in the Mark, but denies that those uses of the Mark do not constitute infringement of the rights of Carmon & Carmon.

**Counterclaim:** Now come the counterclaim plaintiffs, by counsel, and represent to the Court as follows:

## NATURE OF THE COUNTERCLAIM ACTION

21. This is a counterclaim for trademark infringement, unfair competition, and false advertising under federal, state, and common law. Counterclaim plaintiffs ("Carmon & Carmon") bring this counterclaim because the counterclaim defendants are promoting legal services and related services in the United States in competition with Carmon & Carmon in connection with the Service Mark, "Globalaw," ("the Service Mark," "the Mark," "Globalaw," "Carmon & Carmon's Service Mark") that violate Carmon & Carmon's valuable intellectual property rights. Specifically, the counterclaim defendants are holding themselves out and advertising themselves as members of an organization named Globalaw. The Service Mark, "Globalaw," is the exclusive property of Carmon & Carmon, and they have never given the counterclaim defendants permission or license to use the Mark in the United States. Counterclaim defendants have advertised their connection with "Globalaw" on the Internet, in

curriculum vitae of their lawyers, and in other public media and publications.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over the subject matter of this counterclaim pursuant to 15 U.S.C. § and 28 U.S.C. §§ 1338(a) and (b). Jurisdiction over the state court claims is appropriate under 15 U.S.C. § 1367(a) and principles of pendant jurisdiction.

23. This Court has personal jurisdiction over the counterclaim defendant law firms inasmuch as they are, on information and belief, legal and/or beneficial owners of Globalaw Limited, plaintiff in this action. This Court has personal jurisdiction over the individual counterclaim defendant, Dennis Campbell, because, on information and belief, he is conducting business in this District. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), and because, on Carmon & Carmon's actual knowledge or on information and belief, the counterclaim defendants have infringed the Mark in this District, as well as elsewhere in the United States.

## THE PARTIES

24. Counterclaim plaintiffs, Carmon & Carmon, are the defendants in this action.

25. Counterclaim defendant Globalaw Limited is the plaintiff in this action.

26. Counterclaim defendant Ballard Spahr Andrews & Ingersoll ("Ballard Spahr") is a law firm engaged in the practice of law in the United States, including, on information and belief, but not limited to the District of Columbia.

27. Counterclaim defendant Jackson Walker, L.L.P. ("Jackson Walker") is a law firm engaged in the practice of law in the United States, including, on information and belief, but not limited to the District of Columbia.

28. Counterclaim defendant Garvey Schubert Barer ("Garvey Schubert") is a law firm

6

engaged in the practice of law in the United States, including, on information and belief, but not limited to the District of Columbia.

29. Counterclaim defendant Hill Farrer & Burrill, L.L.P. ("Hill Farrer") is a law firm engaged in the practice of law in the United States, including, on information and belief, but not limited to the District of Columbia.

30. Counterclaim defendant Stubenberg & Durrett, L.L.P. (Stubenberg & Durrett) is a law firm engaged in the practice of law in the United States, including, on information and belief, but not limited to the District of Columbia.

31. Counterclaim defendant Day, Berry & Howard, L.L.P. ("Day Barry") is a law firm engaged in the practice of law in the United States, including, on information and belief, but not limited to the District of Columbia.

32. Counterclaim defendant Clark Hill, P.L.C. ("Clark Hill") is a law firm engaged in the practice of law in the United States, including, on information and belief, but not limited to the District of Columbia.

33. Counterclaim defendant Moore & Van Allen, P.L.L.C. ("Moore & Van Allen") is a law firm engaged in the practice of law in the United States including, on information and belief, but not limited to the District of Columbia.

34. Counterclaim defendant ABC Law Firm represents one or more law firms, undetermined or unknown to counterclaim plaintiffs at the present time, engaged in the practice of law in the United States including, on information and belief, but not limited to the District of Columbia, who have infringed Carmon & Carmon's Service Mark, "Globalaw."

35. Counterclaim defendant Dennis Campbell ("Campbell") is, on information and belief, a lawyer admitted to practice in Iowa and New York, who is a citizen of the United States

currently residing in Salzburg, Austria. On information and belief, he does business in this district and other districts in the United States and has infringed on Carmon & Carmon's Service Mark in this District and elsewhere by offering his services under the Mark, and by other actions.

36. Counterclaim defendants John Doe and Jane Roe represent individuals, undetermined or unknown to the counterclaim plaintiffs, who have infringed Carmon & Carmon's Service Mark, "Globalaw."

## COUNTERCLAIM PLAINTIFFS' RIGHTS

37. Haggai and Rakeffet Carmon are partners in the Carmon & Carmon law firm, sole stockholders in Globalaw, Inc., and sole partners in the law firm, Globalaw. Globalaw, as the administrator of a network of many law firms throughout the world in dozens countries, including one or more firms in the United States, authorizes those firms to use the Mark in connection with the network.

38. Carmon & Carmon first conceived of and began to use the Service Mark, "Globalaw," in conjunction with their law and business practice in New York City prior to 1988. They incorporated Globalaw, P.C., as a New York corporation in 1988. They used the Mark as a means of connecting many law firms around the world, including the United States, in a network of law firms in order to refer work to each other and receive referrals from each other. They used and are continuously using the Mark as an indication of their own worldwide contacts with law firms in the United States and in many countries. In both of these ways and in others, they used and continuously use the Service Mark, inter alia, to designate the source of their law and business practice.

39. Beginning in 1997, Carmon & Carmon established and operated a web site, www.globalaw.com to advertise and promote their law practice and solicit business under the

Mark. In 1995, as a result of a letter from Campbell's counsel, Network Solutions, Inc, who controlled the issuance of Internet domain names, suspended the use by Carmon & Carmon of the Internet domain name "globalaw.com" until the dispute over ownership of the Mark was resolved. As a result of that action, which caused Carmon & Carmon to be damaged, Carmon & Carmon acquired another domain name.

40. Carmon & Carmon sent membership packages to many law firms in the 1980s and 1990s soliciting or facilitating their membership in their alliance of law firms called "Globalaw."

41. One of the lawyers whom Carmon & Carmon had contacted regarding membership in Globalaw around 1993 was Dr. Lothar Hofmann, in Austria. In 1993, counterclaim defendant Campbell, sent a letter to Carmon & Carmon seeking cooperation and a meeting in New York. As a result, a Globalaw membership kit was delivered to Campbell by Carmon & Carmon. Subsequently, Carmon & Carmon found out that Campbell had registered the Mark, "Globalaw," for himself in Austria on August 17, 1994, and then tried in 1994, based on the Austrian registration, to obtain a U.S. registration of the Mark for himself.

42. On March 28, 1994, Carmon & Carmon filed for federal registration based on their first use of the Mark as of January 22, 1988. However, due to technical errors, their application was only fully processed after Campbell's application for federal registration was received at the United States Patent and Trademark Office ("PTO") in late 1994.

43. On information and belief, Campbell sold or assigned his purported rights in the Service Mark, "Globalaw," to an offshore corporation registered in the Jersey Isles, corporate Counterclaim defendant Globalaw Limited, which was owned by around 70 law firms around the world, including nine in the United States, some of which are still owners of Globalaw Limited today.

9

44.     Carmon & Carmon has a senior use of the Mark because it had used the Service Mark, "Globalaw," continuously since prior to 1988 up to the present time in interstate commerce in the United States and in foreign commerce with the United States, has never abandoned the Mark, and intends to continue to use it actively into the future in the United States and elsewhere.

## DEFENDANTS' WRONGFUL ACTS

45.     At no time has any of the counterclaim defendants had any rights in or to the Service Mark, "Globalaw." Carmon & Carmon, the owner of the Mark, have never given any of them permission, license or other authorization to use or reproduce the Mark for any purpose in any location.

46.     Campbell filed an application for federal registration of the Service Mark in late 1994.

47.     Some of the counterclaim defendants and their associate law firms used the Mark beginning as early as 1994 on letterheads, curricula vitae, publications, web sites, articles published in print media, and in other ways, all constituting infringement of Carmon & Carmon's Mark. All of the counterclaim defendants are presently using the Mark in those ways, all constituting infringement of the Mark.

48.     Carmon & Carmon discovered Campbell's application for federal registration of the Mark and timely filed an opposition to the registration.

49.     Counterclaim defendants have infringed Carmon & Carmon's Mark on numerous occasions and in numerous ways.

    a.     Counterclaim defendant Campbell, knowing of Carmon & Carmon's prior use of the Mark, willfully and intentionally used the Mark beginning in 1994.

    b.     The counterclaim defendants other than counterclaim defendant Campbell have also used Carmon & Carmon's Mark, commencing after Carmon & Carmon obtained rights in

the Mark, on letterheads, business cards, brochures, curricula vitae, web sites, advertisements published in print media, and in other ways to promote their services, all constituting infringement of Carmon & Carmon's Mark.

50. Counterclaim defendants had actual knowledge of Carmon & Carmon's ownership of the Mark when they commenced using the Mark and since then.

### INJURY TO COUNTERCLAIM PLAINTIFFS

51. Counterclaim defendant's use of Carmon & Carmon's Service Mark has irreparably injured and, if permitted to continue, will continue to irreparably injure Carmon & Carmon, the Service Mark, "Globalaw," and the goodwill associated with Carmon & Carmon's Service Mark.

52. Counterclaim defendants' actions have diluted, and will continue to dilute, the strength, distinctiveness, and selling power of Carmon & Carmon's Mark, causing injury to Carmon & Carmon.

53. Counterclaims defendants' actions are likely to cause confusion, mistake, or deception as to the source or origin of services provided by Carmon & Carmon through the use of the Mark, including referral services for lawyers and businesses in the United States and around the world, are likely to suggest falsely a sponsorship, connection, license, or association between services provided by counterclaim defendants and Carmon & Carmon, and have diverted and/or will divert income and profits from Carmon & Carmon.

### FIRST CLAIM SECTION FOR RELIEF
### TRADEMARK INFRINGEMENT UNDER
### SECTION 32(1) OF THE LANHAM ACT
### 15 U.S.C. § 1114(1)

54. Carmon & Carmon repeat and reallege the allegations set forth in ¶¶ 1-53 of this Answer and Counterclaim.

11

55. Counterclaim defendants' use of the Mark, "Globalaw," is likely to cause confusion, mistake, or deception of the public as to the source, sponsorship, or approval of those services provided by them in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56. Counterclaim defendants' actions were willful and deliberate and constitute willful infringement of Carmon & Carmon's Service Mark, "Globalaw," in violation of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

57. As a direct and proximate cause of the actions, conduct, and practices of counterclaim defendants alleged above, Carmon & Carmon have been irreparably damaged and will continue to be damaged.

**SECOND CLAIM FOR RELIEF
TRADEMARK INFRINGEMENT, FALSE DESIGNATION
OF ORIGIN, PASSING OFF, AND UNFAIR COMPETITION
UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)**

58. Carmon & Carmon repeat and reallege the allegations set forth in ¶¶ 1-53 of this Answer and Counterclaim.

59. Counterclaim defendants' advertisement that they are the owners of the Service Mark, "Globalaw," and have rights in the Mark and their use of the Mark to advertise and promote their legal services are likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval of their services and activities, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 41(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

60. Counterclaim defendants' actions were willful and deliberate and constitute willful infringement of Carmon & Carmon's Service Mark, "Globalaw," in violation of § 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

61. As a direct and proximate cause of the actions, conduct, and practices of counterclaim

defendants alleged above, Carmon & Carmon have been irreparably damaged and will continue to be damaged.

### THIRD CLAIM FOR RELIEF
### FEDERAL UNFAIR COMPETITION COMPRISING
### FALSE AND MISLEADING STATEMENTS OF FACT
### UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

62. Carmon & Carmon repeat and reallege the allegations set forth in ¶¶ 1-53 of this Answer and Counterclaim.

63. By advertising that it has rights in the Service Mark, "Globalaw," counterclaim defendants made false and misleading representations of fact to the public, misrepresenting the nature of its services in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

64. Counterclaim defendants' actions were willful and deliberate and constitute willful infringement of Carmon & Carmon's Service Mark, "Globalaw," in violation of § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(B).

65. As a direct and proximate result of the actions, conduct, and practices of counterclaim defendants set forth above, Carmon & Carmon have been and will continue to be irreparably damaged.

### FOURTH CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR
### COMPETITION, AND MISAPPROPRIATION

66. Carmon & Carmon repeat and reallege the allegations set forth in ¶¶ 1-53 of this Answer and Counterclaim.

67. Counterclaim defendants' use of the Globalaw Service Mark constitutes common law trademark infringement, unfair competition, and misappropriation of Carmon & Carmon's good

will under the common law of the District of Columbia and other districts of the United States by reason of which Carmon & Carmon have suffered and will continue to suffer, irreparable injury.

68. Counterclaim defendants' actions were willful and deliberate and constitute willful infringement of Carmon & Carmon's Service Mark, "Globalaw," in violation of the common laws of the District of Columbia and other districts.

69. As a direct and proximate result of the actions, conduct, and practices of counterclaim defendants set forth above, Carmon & Carmon have been and will continue to be irreparably damaged.

### **PRAYER FOR RELIEF**

70. Wherefore, counterclaim plaintiffs pray that this Court enter judgment in their favor against the counterclaim defendants, jointly and severally, on each and every claim set forth above and award them relief including but not limited to the following.

    a. A permanent injunction enjoining counterclaim defendants and their officers, directors, employees, agents, representatives, and all persons acting in concert with them:

        (1) From using the Service Mark, "Globalaw," or any Mark confusingly similar to that Mark.

        (2) From representing by any means whatsoever, directly or indirectly, that counterclaimants or any activities undertaken by counterclaimants are associated with or connected in any way to Globalaw.

    b. An order requiring that all counterclaim defendants surrender, erase, delete, or destroy all advertisement or promotional materials, letterheads, documents, databases, web sites, curricula vitae, or other media or materials containing the Service Mark, "Globalaw."

    c. An order requiring counterclaim defendants to post a prominent retraction on any

web sites owned or controlled by any of the counterclaim defendants, on which counterclaim defendants erroneously and without authority advertised and represented that they had any rights in or to the Service Mark, "Globalaw," acknowledging that they have no rights in the Mark.

      d.    An order directing counterclaim defendants each to file with this Court and serve on Carmon & Carmon through counsel, thirty days after the date of the entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which each has complied with the injunction.

      e.    An order awarding Carmon & Carmon monetary relief including damages sustained by Carmon & Carmon as a result of counterclaim defendants' infringement of the Service Mark, "Globalaw," in an amount to be determined by the jury and the Court, counterclaim defendants' profits, treble damages, attorney's fees pursuant to 15 U.S.C. § 1117, and the costs of this action and counterclaim.

      f.    An order declaring that Carmon & Carmon are the sole owners of the Service Mark, "Globalaw," and are entitled to federal registration of the Mark.

      g.    An order awarding Carmon & Carmon such further relief as this Court may deem appropriate.

**TRIAL BY JURY IS DEMANDED ON ALL ISSUES TRIABLE BY JURY**

Dated January 13, 2004        By:   /s/ John C. Lowe
                                          John C. Lowe, Bar #427019
                                          ECF # lowej5327
                                          John Lowe, P.C.
                                          5401 Westbard Avenue, # 1115
                                          Bethesda MD 20816
                                          Telephone   301-986-1166
                                          Fax:           301-986-9009

                                          Attorney for Defendants / Counterclaim Plaintiffs