IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CARMON & CARMON, A PARTNERSHIP** | ) | |
| | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| v. | ) | CA 06-0769CKK |
| | ) | |
| **DENNIS CAMPBELL** | ) | |
| **Schweigmuhlweg 6A** | ) | |
| **5020 Salzburg, Austria** | ) | |
| **Serve:  Mark Schonfeld, Esq.** | ) | |
| **Burns & Levinson LLP** | ) | |
| **125 Summer Street** | ) | |
| **Boston, MA 02110** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR DEFAULT JUDGMENT**

    1.    On April 27, 2006, Plaintiff filed a complaint against Dennis Campbell alleging breach of contract and trademark infringement.  Docket Item No. 1.

    2.    On May 18, 2006, Defendant Dennis Campbell was duly served with the Complaint in this action by service on his designated agent for purposes of service of process, Mark Schonfeld, Esq., of Boston, MA, the attorney for Mr. Campbell on the issues involved in the action.  See Exhibit A, Agreement of Dennis Campbell designating Mark Schonfeld for service of process of actions arising from alleged breaches of the agreement and other causes of action.  See Exhibit B, Return of Service of Complaint on Mark Schonfeld by Jill LeBlanc on May 18, 2006.

    3.    No responsive pleadings were filed within the 20 days prescribed by law and, accordingly, Defendant Dennis Campbell is in default.  Fed. R. Civ. P. 12(a).  The Clerk has entered a default.  Docket Item No. 9.

4.      As a courtesy to Mr. Schonfeld, counsel for Plaintiff pointed out to him by e-mail that no responsive pleadings had been timely filed.  Exhibit C.  Mr. Schonfeld replied by return e-mail that Mr. Campbell had not been served by the service on Mr. Schonfeld.  Exhibit D.  Counsel for Plaintiff notified Mr. Schonfeld that he disagreed with Mr. Schonfeld's statement.  Exhibit E.  The agreement, Exh. A and the contents of the Complaint, make it clear that Mr. Schonfeld was a designated agent for service of process and the service of Mr. Campbell by service on Mr. Schonfeld was valid and proper service.  Mr. Campbell's position is that service on Mr. Schonfeld is not effective if, according to him, there was no breach of contract.  But that is precisely the issue in this law suit, namely, whether the contract as breached.  Designating Mr. Schonfeld for service only if both parties agree that Mr. Campbell breached the agreement is nonsensical.

5.      Particularly since counsel for Plaintiff went to the extraordinary step of advising Mr. Campbell's counsel of the failure to file timely responsive pleadings and Mr. Campbell still declined to file defensive pleadings thereafter, default judgment should be entered.

Plaintiff requests that the Court enter a judgment of default against Mr. Campbell based on the foregoing.

Dated June 16, 2006         By:         /s/ John C. Lowe
                                        John C. Lowe, Bar #427019
                                        ECF # lowej5327
                                        John Lowe, P.C.
                                        59920 Searl Terrace
                                        Bethesda MD 20816
                                        Telephone    301-320-5595
                                        Fax:         301-320-8878
                                        johnlowe@johnlowepc.com

                                        Laurence R. Hefter, Bar # 177402
                                        901 New York Avenue, N.W.
                                        11th Floor

Washington, D.C. 20001-4413
Telephone     202-408-4053
Fax           202-408-4400
laurence.hefter@finnegan.com

Attorneys for Plaintiffs

**Service Certificate**

    I certify that on June 16, 2006, I mailed and faxed a copy of the Motion for Default Judgment and Memorandum in Support of Motion for Default Judgment to Mark Schonfeld, Esq., Burns & Levinson LLP, 125 Summer Street, Boston, MA 02110 (fax 617-345-3299).


    /s/ John C. Lowe