# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARMON & CARMON, A PARTNERSHIP** )<br>  )<br>  **Plaintiff** )<br>  )<br>**v.** )<br>  )<br>**DENNIS CAMPBELL** )<br>Schweigmuhlweg 6A )<br>5020 Salzburg, Austria )<br>Serve:  Mark Schonfeld, Esq. )<br>Burns & Levinson LLP )<br>125 Summer Street )<br>Boston, MA 02110 )<br>  )<br>  **Defendant.** ) | CA 06-0769CKK |

## ORDER OF DEFAULT JUDGMENT

1. On April 27, 2006, Plaintiff filed a complaint against Dennis Campbell alleging breach of contract and trademark infringement.  Docket Item No. 1.

2. On May 18, 2006, Defendant Dennis Campbell was duly served with the Complaint in this action by service on his designated agent for purposes of service of process, Mark Schonfeld, Esq., of Boston, MA, the attorney for Mr. Campbell on the issues involved in the action.    Docket Item No. 5.

3. No responsive pleadings were filed within the 20 days prescribed by law and, accordingly, Defendant Dennis Campbell is in default.  Fed. R. Civ. P. 12(a).  See Docket Item No. 9, Clerks' Entry of Default.

4. The default moots the Motion to Intervene filed as Docket Item No. 4.  Docket Items 197-202 in Case No. 03-0950 are similarly mooted by the default judgment.

5. When provided an opportunity by Plaintiff's counsel to cure the default, Defendant declined to do so.

6. Plaintiff is hereby granted a default judgment as to liability on each count and allegation in the Complaint and is granted the following relief as to the complaint in this action.

a. Defendant, his former and present lawyers, and others acting in concert with him shall forthwith produce documents and things referring or relating to

(1) the conception of the term "Globalaw,"

(2) use of the term "Globalaw" by Carmon & Carmon, Haggai Carmon, or Rakeffet Carmon,

(3) the date of first use of the term "Globalaw" by Defendant in the United States, and

(4) Defendant's awareness of use of the term "Globalaw" by Carmon & Carmon, Haggai Carmon, or Rakeffet Carmon.

(5) The awareness by Jackson Walker, L.L.P., and Ballard, Spahr, Andrews & Ingersoll, L.L.P., and present and past lawyers of those law firms, of use of the term "Globalaw" by Carmon & Carmon, Haggai Carmon, or Rakeffet Carmon, including the first dates of such awareness.

b. Defendant and all persons acting in concert with him are permanently enjoined from using the service mark "Globalaw" or any mark confusingly similar to that mark, and from representing by any means whatsoever, directly or indirectly, that Defendant or any activities undertaken by him or those acting in concert with him are associated with or connected in any way to Plaintiff.

c. Defendant shall forthwith surrender to Plaintiff all advertisement or promotional

materials, letterheads, documents, databases, web sites, curricula vitae, or other media or materials containing the service mark "Globalaw," within its possession or control.

    d.    Defendant shall file with this Court and serve on Plaintiff through counsel, thirty days after the date of the entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which he has complied with the injunction.

    3.    The Court will hold a hearing at _____ on _____, 2006, for determination of the quantum of damages, disgorgement of profits, attorneys fees, and costs to be awarded based on the foregoing finding of default.

    SO ORDERED.

_____
United States District Judge

_____
Date