**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CARMON & CARMON, A PARTNERSHIP** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **CA 06-0769CKK** |
| | ) | |
| **DENNIS CAMPBELL** | ) | |
| **Schweigmuhlweg 6A** | ) | |
| **5020 Salzburg, Austria** | ) | |
| **Serve:  Mark Schonfeld, Esq.** | ) | |
| **Burns & Levinson LLP** | ) | |
| **125 Summer Street** | ) | |
| **Boston, MA 02110** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S OPPOSITION TO
<u>GLOBALAW LIMITED'S MOTION TO INTERVENE</u>**

Globalaw Limited's Motion to Intervene and to Stay Proceedings in this action is now moot.  Defendant Dennis Campbell has been found to be in default.  See Docket No. 9.  Plaintiff has moved for a default judgment.  Docket No. 10.   Putting aside for the moment the fact that Globalaw Limited (GL) has no standing and its motion has no merit, there is nothing left to be done in this action except enter the default judgment and ascertain the quantum of damages or disgorgement to be ordered by the Court, an issue in which GL could not possibly have any interest, since the judgment will only be against Dennis Campbell.  **<u>There has never been a responsive pleading filed</u>** as to the Complaint in this action, by Defendant, **<u>by GL,</u>** or by anyone else.

Moreover, GL's motion is defective in not complying with LCvR 7(m), in that GL did not confer with or make any effort to confer with counsel for Plaintiff prior to filing its motion, and did not state anywhere in its motion that such efforts were timely made, pursuant to the rule.

GL's motion is also defective in that none of its allegations are supported by a declaration or other evidence of the facts alleged. For example, there is no declaration showing that GL is today acting in concert with Campbell in any way. Turning to the issue of standing, first, GL had no standing to intervene or interfere in this action by moving to stay proceedings. Under Fed. R. Civ. P. 24, GL would have to establish, in support of its motion, that the disposition of the action may impair its ability to protect its interests in the subject matter of this action. But, as GL is not a party to this action, it is not in any way bound by the outcome of this action. GL persists in ignoring that simple principle of law, most likely because it is fatal to its motion.

Additionally, the Motion for Default Judgment does not ask the Court to declare that Campbell never had any rights to the mark Globalaw, though Carmon believes that to be true. So, this action will not result in a declaration that Campbell had no rights to transfer to GL in 2002, even though that is true. Therefore, *this action* does not threaten GL's interests in any way.

Furthermore, based on representations from Campbell, GL is not acting in concert with him in any way. The affidavit he executed in conjunction with his agreement with Carmon states in paragraph 7 that he has not used the mark Globalaw in the United States since February 28, 2002 [when he signed the Asset Transfer and consulting Agreement with GL], that he does not intend to ever use the mark in the United States, and does not intend to claim any rights to use Globalaw in the United States in the future. See the affidavit at Exhibit A, which is also Exhibit A to Carmon's Motion for Default Judgment previously filed in this case. If any one is acting in

concert with him regarding the mark Globalaw, that affidavit shows that those persons cannot be in danger of losing any rights to the mark, as Campbell says he has no such rights and will not claim to have them.

Second, GL argues in its memorandum, at page 9, that it has standing under Article III of the Constitution because it could lose its assets acquired through the Asset Transfer and Consulting Agreement.  But this again ignores that point of law that GL is not a party to this action and no resulting order in this action can affect the property rights of GL.  GL cannot be divested or deprived of its property by the results of this action and GL cites no statute, rule, or case to the contrary.  And, again, Carmon has not asked for a default order divesting GL of any property or interest.

The third, truly fatal error in GL's motion to intervene is its failure to comply with the requirements of Fed. R. Civ. P. 24(c) that the motion to intervene **shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought**.  No such pleading was filed or served by GL.  That is particularly fatal here, where no responsive pleading of any sort is of record from anyone and the Court has declared default.

The motion to intervene or stay should be denied.


Dated June 18, 2006          By:          /s/ John C. Lowe
                                          John C. Lowe, Bar #427019
                                          ECF # lowej532**7**
                                          John Lowe, P.C.
                                          59920 Searl Terrace
                                          Bethesda MD 20816
                                          Telephone     301-320-5595
                                          Fax:          301-320-8878
                                          johnlowe@johnlowepc.com

                                          Laurence R. Hefter, Bar # 177402
                                          901 New York Avenue, N.W.
                                          11th Floor

Washington, D.C. 20001-4413
Telephone      202-408-4053
Fax                 202-408-4400
laurence.hefter@finnegan.com

Attorneys for Plaintiffs

**<u>Service Certificate</u>**

I hereby certify that on or before June 19, 2006, I mailed a true copy of the foregoing PLAINTIFF'S OPPOSITION TO GLOBALAW LIMITED'S MOTION TO INTERVENE, via First Class mail, postage prepaid, to the following:

Charles W. Chotvacs, Esq.
Ballard Spahr Andrews & Ingersoll, L.L.P.
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005

Counsel for Globalaw Limited

/s/   John C. Lowe