IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARMON & CARMON, A PARTNERSHIP )
                               )
    Plaintiff                  )
                               )
v.                             )   CA 06-0769CKK
                               )
DENNIS CAMPBELL,               )
                               )
    Defendant.                 )

## MOTION FOR DEFAULT JUDGMENT

# Exh. A

1

## AGREEMENT

On this 14th day of July, 2005, Dennis Campbell ("Campbell") and Carmon & Carmon and Globalaw, Inc., ("Carmon") entered into this Settlement Agreement on the following terms and conditions.

1. Campbell, as a part of his execution of this Agreement, will execute under oath the Affidavit appended to this Agreement and incorporated by reference into this Agreement.

2. Campbell will appear and offer testimony at whatever depositions, hearings, proceedings, or trials arising out of the Globalaw litigation dispute pending in Washington D.C. at which he is requested to testify by counsel for Carmon. Such testimony by Campbell must at all times be truthful and correct. As to any such appearances in the United States requested by Carmon, Carmon shall pay the first $650.00 of Campbell's travel expenses for each trip, and Campbell shall pay the remainder.

3. Campbell will speak with counsel for Carmon upon prior arrangement with Campbell's counsel, if he has a lawyer, or arrangement with Campbell, himself, if he does not have a lawyer, and will be cooperative and informative in response to requests for information and discussion relevant to the Globalaw dispute, orally or in writing, at Carmon's option. Campbell may have an attorney participate in the conversations or drafting of written answers, if he chooses. Campbell will provide Carmon with any documents requested by Carmon relevant to the Globalaw dispute that Campbell has in his possession or control.

4. Carmon will dismiss Campbell with prejudice as a party to the action pending in the United States District Court for the District of Massachusetts, captioned Carmon & Carmon v. Dennis Campbell, CA No. 05-10198 PBS, and the action pending in the United States District Court for the District of Columbia, captioned Globalaw Limited v. Carmon & Carmon Law Office, et al, No. 1:03CV00950 (CKK), and will not attempt to serve him again as a party so long as Campbell complies with all his obligations under this Agreement and does not change the factual content of his appended affidavit. Should Campbell violate this Agreement or any of its terms, Carmon may file and serve on Campbell a complaint containing all the allegations and requests for relief as contained in the pending Boston complaint cited above and any other appropriate allegations and requests for relief but may file it in the District of Columbia and Campbell will have and raise only defenses that he had as of February 2, 2005.

5. Campbell agrees that Mark Schonfeld, an attorney in Boston, MA, is designated by him as an irrevocable agent for purposes of Campbell being served by Carmon or either partner in Carmon & Carmon with subpoenas or other legal documents

relating to the trademark GLOBALAW, including but not limited to a complaint and summons in the event Campbell fails to comply with any of his obligations under this Agreement. This designation expires on July 30, 2007.

Carmon & Carmon and Globalaw, Inc.

By _____
Haggai Carmon

_____
Dennis Campbell

REPUBLIC OF AUSTRIA  }
CITY OF VIENNA       } SS
EMBASSY OF THE       }
UNITED STATES OF AMERICA }

**Notarial Certificate**

This 14th day of July, 2005, Dennis Campbell appeared before me, Barbara I. Ensslin a _____ and acknowledged his signature to this agreement.

_____
Barbara I. Ensslin
Consul
MY COMMISSION EXPIRES: indefinite

FOR THE CONTENTS OF THE FOREGOING (ANNEXED DOCUMENT), INCLUDING AFFIANT'S TITLE, I ASSUME NO RESPONSIBILITY.

**Notarial Certificate**

This 15th day of ~~July~~ August, 2005, Haggai Carmon appeared before me, Haggai Carmon a _____ and acknowledged his signature to this agreement.

_____
Karen L. Frankel

KAREN LABY FRANKEL
Notary Public, State of New York
No. 31-4649903
Qualified in New York County
Commission Expires ~~March 30, 1983~~ February 29, 2006

## AFFIDAVIT OF DENNIS CAMPBELL

Now comes Dennis Campbell and, having first been placed under oath, swears that the following facts are true and correct.

1. In 1994, when I filed for federal registration of the service mark GLOBALAW in the United States Patent and Trademark Office, I believed that I had rights in the United States to the service mark GLOBALAW based on my use of the mark, giving me common law rights to the mark.

2. On February 28, 2002, when I signed the Asset Transfer and Consulting Agreement between Globalaw Limited and myself, assigning to Globalaw Limited certain rights to the service mark GLOBALAW in certain countries other than the United States (incorporating by reference herein the meaning of "Transferred Assets" contained in Exhibit A to said Agreement), I still owned all the rights in those certain countries and continued as the named applicant for registration of the mark in the US.

3. I did not believe that I transferred, nor did I intend or purport to transfer, to Globalaw Limited or anyone else, on February 28, 2002 or at any other time, any ownership rights in the United States to the service mark GLOBALAW because I believed that I had no rights capable of transfer.

4. On March 1, 2002, one day after I signed the Asset Transfer and Consulting Agreement between Globalaw Limited and myself, assigning to Globalaw Limited certain rights to the service mark GLOBALAW in certain countries other than the United States, I no longer owned the rights in those certain countries but continued as the named applicant for registration of the mark in the US.

5. After January 1, 2002, the effective date of the Asset Transfer and Consulting Agreement between Globalaw Limited and myself, I never used the service mark GLOBALAW as a service mark or otherwise in the United States.

6. Since February 28, 2002, and to date, I have not assigned, licensed, or otherwise transferred ownership of any of the rights to the GLOBALAW mark in the United States to anyone.

7. Because I never used the GLOBALAW mark in the United States after February 28, 2002, and do not intend to use the GLOBALAW mark in the United States in the future, by that date I had given up all rights to the mark GLOBALAW in the United States, ceased to claim and currently do not claim any rights to the GLOBALAW mark in the United States, and do not intend to claim any such rights in the future.

8. To the best of my knowledge and belief, the "Globalaw, the International Law Group", that I created and administered, ceased to exist by February 28, 2002.

I make this affidavit under the penalty of perjury under the United States Code.

_____
Dennis Campbell

REPUBLIC OF AUSTRIA  }
CITY OF VIENNA       } SS
EMBASSY OF THE       }
UNITED STATES OF AMERICA }

## Notarial Certificate

This 14th day of July, 2005, Dennis Campbell appeared before me, Barbara I. Ensslin, a notary public, Clerk of Court, or officer of the United States ~~Embassy~~ Consul authorized to administer oaths (delete inapplicable description), and, after I placed him under oath, he swore that the foregoing Affidavit of Dennis Campbell is true and correct.

_____
Barbara I. Ensslin
Consul

FOR THE CONTENTS OF THE FOREGOING
(ANNEXED DOCUMENT),
INCLUDING AFFIANT'S TITLE,
I ASSUME NO RESPONSIBILITY.

MY COMMISSION
EXPIRES: indefinite