IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARMON & CARMON, A PARTNERSHIP<br>767 3rd Avenue, 24th Floor<br>New York, New York 10017,<br><br>    Plaintiff,<br><br>v.<br><br>DENNIS CAMPBELL<br>Schweigmuhlweg 6A<br>5020 Salzburg, Austria<br>Serve: Mark Schonfeld, Esq.<br>Burns & Levinson LLP<br>125 Summer Street<br>Boston, MA 02110,<br><br>    Defendant. | Civil Action No. 1:06-cv-00769-CKK |

**GLOBALAW LIMITED'S REPLY TO PLAINTIFF'S OPPOSITION TO GLOBALAW LIMITED'S MOTION TO INTERVENE IN AND TO STAY PROCEEDINGS**

**I. INTRODUCTION**

Globalaw Limited's Motion to Intervene and To Stay Proceedings (the "Motion") seeks to abate C&C's sham lawsuit against Dennis Campbell and promotes conservation of this Court's resources. Plain and simple, C&C's tactics here represent the antithesis of judicial economy and a transparent attempt to escape C&C's legal and factual position in the Original Proceeding, where C&C's claim to the term "Globalaw" has been litigated for three years, discovery is closed, and a dispositive motion for summary judgment is pending before the Court.

In its Opposition, C&C disingenuously argues that Globalaw Limited ("GL" or "Intervenor") lacks standing because "this action does not threaten GL's interests in any way" (Opposition at 2), obtusely alleging, essentially, that GL's rights cannot be affected because Mr. Campbell claims not to have had rights in the term "Globalaw" (Opposition at 2-3). C&C also

incorrectly argues that GL's Motion does not comply with the requirements of Fed. R. Civ. P. 24 or LCvR 7(m).

GL's Motion and Memorandum establish that it has an interest in the subject matter of this suit, that this interest may be impaired absent intervention, and that the existing parties to this litigation inadequately represent GL's interest. GL respectfully requests that the Court permit GL to intervene and to put a halt to C&C's charade.

## II. ARGUMENT AND AUTHORITIES

### A. Intervenor's Motion Is Not Moot Due to Dennis Campbell's Default

In its Opposition, C&C states that due to the Clerk's finding that Mr. Campbell is in default and C&C's filing of a Motion for Default Judgment, Intervenor's Motion is moot. (Opposition at 1). This is not the case. Intervenor timely filed its Motion less than 45 days after the commencement of this suit. To date, the Court has not granted C&C's Motion for Default Judgment and the suit remains pending. Further, courts have gone so far as to allow even post-judgment intervention should the need arise. *See Acree v. Republic of Iraq*, 370 F.3d 41, 50 (D.C. Cir. 2004); *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003); *Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001). At present, this civil action has yet to be decided and the mere fact that C&C has a motion for default judgment pending before the Court in no way renders Intervenor's Motion moot.[1]

### B. Intervenor Has Alleged Requisite Facts to Support Intervention

Citing no authority, C&C claims that Intervenor's Motion is defective in that none of Intervenor's allegations are supported by a declaration or other evidence. (Opposition at 2).

---

1. The fact that Mr. Campbell is in default only serves to underscore Intervenor's argument that its interests in this suit may not be adequately represented barring intervention. (Memorandum at 7).

GLOBALAW LIMITED'S REPLY TO PLAINTIFF'S OPPOSITION TO GLOBALAW LIMITED'S
MOTION TO INTERVENE IN AND TO STAY PROCEEDINGS  PAGE 2 of 7

Intervenor is unaware of any burden to produce such evidence in support of its Motion. Instead, Intervenor's allegations of fact in support of its Motion must be accepted as true by the Court absent sham, frivolity, or other meritorious objection. *Cook v. Boorstin*, 763 F.2d 1462, 1469-70 (D.C. Cir. 1985) (citing *SEC v. Dresser Indus., Inc,* 628 F.2d 1368, 1390 (D.C. Cir. 1980)) ("[T]he burden of proof rests on those resisting intervention."); *Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Old Sec. Life Ins. Co.*, 600 F.2d 671, 679 (7th Cir. 1979) ("All nonconclusory allegations supporting a motion to intervene are taken as true, absent sham, frivolity, or other objections."); *Kozak v. Wells*, 278 F.2d 104, 109 (8th Cir. 1960). Intervenor's Motion is not defective in that Intervenor has made sufficient factual allegations which, when taken as true, adequately support its Motion.

C.  **Intervenor Has Standing Under Article III of the Constitution**

C&C argues that because Intervenor is not a party to this action, no resulting order in this action can affect Intervenor's property rights, and, thus, Intervenor lacks standing. (Opposition at 1, 3). This argument is nonsensical as no party seeking to intervene in an action would be a named party in said action at the time it sought to intervene. As stated in Intervenor's Motion, the relevant subject matter in this lawsuit is the rights to the term "Globalaw" and various documents and organizational records created during the existence of the Globalaw Network. (Memorandum at 5). Pursuant to the Asset Transfer and Consulting Agreement (the "Agreement"), Intervenor is the owner by acquisition of Mr. Campbell's rights to the term "Globalaw" and all other assets of the Globalaw Network. (Memorandum at 5). C&C's Complaint in this lawsuit seeks relief in the form of a court order requiring Mr. Campbell, his

former lawyers, and others acting in concert with him[2] to hand over the very documents and organizational records which Intervenor now owns. (Complaint at 11-12). Further, C&C seeks a court order declaring that Mr. Campbell never had any rights to the term "Globalaw" in the United States, never had any right to benefit from its use, license, sale, or transfer, and that any such license, sale, or transfer is null and void. (Complaint at 13). Should the Court grant the relief sought by C&C, Intervenor's interest in the assets acquired through the Agreement may be impaired. As such, Intervenor has standing to intervene in this suit.

D.   **Intervenor Has Complied With the Requirements of Fed. R. Civ. P. 24(c)**

While Fed. R. Civ. P. 24(c) requires a person desiring to intervene to file a pleading setting forth the claim or defense for which intervention is sought, the D.C. Circuit has taken a lenient approach to the enforcement of Rule 24(c)'s requirements. "[P]rocedural defects in connection with intervention motions should generally be excused by a court." *Commonwealth v. Microsoft Corp.*, 373 F.3d 1199, 1236 n.19 (D.C. Cir. 2004) (quoting *McCarthy v. Kleindienst*, 741 F.2d 1406, 1416 (D.C. Cir. 1984)) (noting that existing parties made no claim they had inadequate notice of intervenor's appeal). A court may grant a motion to intervene that is not accompanied by a pleading if the motion to intervene apprises the court of the grounds for the motion. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (failure to submit pleading was not ground for reversal of grant of permissive intervention because motion to intervene described the basis for intervention with sufficient specificity). Moreover, in conjunction with its Motion to Intervene, Intervenor filed a joint motion to stay this case pending the outcome of the Original Proceeding—*Globalaw Limited v. Carmon & Carmon Law Office*

---

2.   Although C&C claims in its Opposition that Intervenor is not a person acting in concert with Mr. Campbell, C&C's Complaint makes no attempt to define the phrase "persons acting in concert."

*and Globalaw, Inc.*, Case No. 03CV000950 (CKK). Intervenor is asking this Court to stay this proceeding until such time as a judgment is reached in the Original Proceeding, which is especially appropriate since a motion for summary judgment on the issue of C&C's rights in the term "Globalaw" has been presented to the Court for decision. This Court has found similar actions appropriate, notwithstanding the fact that the intervenor did not attach a "pleading." For example, in *Cubic Transportation Systems, Inc. v. Mineta*, Case No. 03CV01023 (RJL), the intervening party, Scheidt & Bachmann USA, Inc., filed a motion to intervene, accompanied by a Rule 12(b)(1) motion to dismiss. *See id.*, Motion to Intervene as a Defendant, filed Aug. 12, 2003, Docket No. 10-1. Upon review, this Court granted Scheidt & Bachmann's motion to intervene. *See id.*, Order, filed Oct. 8, 2003, Docket No. 21. In this case, Intervenor has apprised C&C and the Court of its interests in the present case and has concurrently submitted a motion to stay, setting forth the relief it requests. Like in *Cubic Transportation*, intervention here is appropriate and no deficiency may be found.[3]

### III. CONCLUSION

Wherefore, for the reasons stated above and in Globalaw Limited's Memorandum in Support of its Motion to Intervene in and to Stay Proceedings, Globalaw Limited respectfully requests that this Court grant its motion to intervene in and to stay the proceedings in this case.

---

3. Finally, Globalaw Limited's Motion to Intervene is not defective based on C&C's allegations that it failed to comply with Local Rule 7(m). First, a motion to intervene is a request by an outside party to the Court for permission to enter into an action and, as such, is different than a motion filed by a party already named in the suit. Second, and notwithstanding, counsel for Globalaw Limited did leave a voicemail for Mr. Lowe at his home office in the late afternoon and e-mailed Mr. Lowe the evening of June 7, 2006, prior to filing of the Motion.

                                            Respectfully submitted,

                                            _____/s/  Charles W. Chotvacs_____
                                            Constantinos G. Panagopoulos #430932
                                            Charles W. Chotvacs #484155
                                            Ballard Spahr Andrews & Ingersoll, LLP
                                            601 13th Street, N.W.
                                            Suite 1000 South
                                            Washington, DC 20005
                                            Telephone: (202) 661-2200
                                            Facsimile: (202) 661-2299

June 26, 2006

                                            ***Counsel for Globalaw Limited***

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2006, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, with copies mailed, first-class postage prepaid, to the persons listed below:

John C. Lowe
John Lowe, P.C.
5920 Searl Terrace
Bethesda, MD  20816
john.lowe@finnegan.com

Laurence R. Hefter
901 New York Avenue, N.W.
11th Floor
Washington, D.C. 20001
laurence.hefter@finnegan.com


　　　　　　　　　　　　　　　　　　　　/s/  Charles W. Chotvacs
　　　　　　　　　　　　　　　　　　　Charles W. Chotvacs